PER CURIAM:
 

 The principal issue on this appeal is whether a defendant who does not testify at trial may challenge on appeal a ruling that an impeaching inquiry would be permitted on cross-examination under Fed.R. Evid. 608(b). Robert Weichert appeals from a judgment of the District Court for the Northern District of New York (Lloyd F. MacMahon, Judge) convicting him, following a jury trial, on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (1982), and on four substantive counts of bankruptcy fraud, in violation of 18 U.S.C. § 152 (1982). Timberline East and Adirondack Wood Stove Works, Inc. (“Adirondack”), two corporations headed by Weichert, appeal their convictions on the substantive fraud counts. In addition to the Rule 608(b) challenge, appellants argue that the evidence was insufficient to support the verdicts. For reasons that follow, we affirm.
 

 Background
 

 Timberline Energy Corp. (“Timberline Energy”) was a New York corporation in the business of manufacturing and distributing wood- and coal-burning stoves and related products. On April 13, 1981, Timberline Energy filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. On September 10, 1981, this proceeding was converted into one for liquidation under Chapter 7.
 

 In July 1981, Weichert, president and principal owner of Adirondack, and Ivan Presslar, president of Timberline Energy, announced that Weichert was taking charge of Timberline Energy’s management. Shortly thereafter, Weichert and Presslar agreed to form a new business entity, Timberline East, in which Presslar would be a silent partner. On August 25, 1981, Weichert opened a checking account for Timberline East and designated himself as president. During the following week, Weichert deposited numerous checks issued to Timberline Energy in the Timberline East account.
 

 In early September 1981, just prior to the conversion of the bankruptcy proceeding into one for liquidation, Weichert arranged to shut down Timberline Energy’s operations. He directed the removal of large quantities of its inventory to the premises of Adirondack and to other premises owned by himself.
 

 Prior to the shutdown of Timberline Energy’s operations, it sold a truckload of
 
 *25
 
 stoves to Agway Corporation. On September 15, 1981, Agway issued a check for $27,442.77 to Timberline Energy. An employee of Timberline Energy returned the check to Agway and requested that a new check in the same amount be made payable to Timberline East. Agway complied, and the check was deposited in Timberline East’s account.
 

 Discussion
 

 1.
 
 Sufficiency of the Evidence.
 
 The Government’s proof demonstrated that appellants and Presslar diverted substantial assets of Timberline Energy during the pendency of its bankruptcy proceeding. The jury was entitled to infer, from the hurried formation of Timberline East and the diversion of Timberline Energy’s assets immediately prior to the conversion of the bankruptcy proceeding and the appointment of a trustee, that appellants, and Presslar intentionally defrauded Timberline Energy’s creditors and the trustee. Although appellants present innocent explanations for these diversions, the verdicts must stand because, when viewed in the light most favorable to the Government, the evidence was sufficient to support them.
 
 See Glasser v. United States,
 
 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).
 

 2.
 
 Rule 608(b).
 
 Weichert, a former attorney, had been disbarred twelve years before the trial. In response to appellants’
 
 in limine
 
 motion, the trial court held that, if Weichert testified, the Government could impeach him under Fed.R.Evid. 608(b) by inquiring on cross-examination into his disbarment. Because Weichert did not testify, appellants have failed “to raise and preserve for review” the correctness of this ruling.
 
 See Luce v. United States,
 
 — U.S. -, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984);
 
 United States v. Curcio,
 
 759 F.2d 237, 241 (2d Cir.),
 
 cert. denied,
 
 — U.S. -, 106 S.Ct. 142, 88 L.Ed.2d 117 (1985).
 
 Luce
 
 involved impeachment with evidence of a conviction under Fed.R.Evid. 609(a). Appellants rely on Justice Brennan’s concurring opinion in
 
 Luce
 
 to suggest that
 
 Luce
 
 should be limited to Rule 609 cases. We disagree.
 

 Under Rule 609(a), the trial court may not permit impeachment with evidence of a conviction unless it determines that “the probative value of admitting this evidence outweighs its prejudicial effect to the defendant.”
 
 Luce
 
 recognized that an appellate court could not review a trial court’s balancing of probative value and prejudice without reference to the witness’s actual testimony.
 
 [1]
 
 If impeaching questions are permitted under Rule 608(b), the trial court still is required to balance probative value against prejudice under Fed.R.Evid. 403, and this balancing is as dependent on the specific factual context as it is in Rule 609 cases. Justice Brennan suggested in
 
 Luce
 
 that a defendant who did not testify might possess standing for an appellate challenge where the trial court’s decision to admit rested solely on the law.
 
 [2]
 
 Even if this is so, there is no reason to distinguish Rule 608(b) cases from Rule 609(a) cases.
 
 See United States v. Dimatteo,
 
 759 F.2d 831, 832-33 (11th Cir.),
 
 cert. denied,
 
 — U.S. -, 106 S.Ct. 172, 88 L.Ed.2d 143 (1985).
 

 Moreover, even if appellants had standing to challenge the District Court’s
 
 in limine
 
 ruling, we still would affirm. The trial judge did not abuse his discretion,
 
 see Lewis v. Baker,
 
 526 F.2d 470, 475 (2d Cir.1975), in deciding that the probative value of the disbarment outweighed its
 
 *26
 
 prejudicial effect. Inquiry into disbarment to impeach credibility generally has been allowed,
 
 see United States v. Whitehead,
 
 618 F.2d 523, 529 (4th Cir.1980);
 
 United States v. Rubenstein,
 
 151 F.2d 915, 919 (2d Cir.),
 
 cert. denied,
 
 326 U.S. 766, 66 S.Ct. 168, 90 L.Ed. 462 (1945). That the disbarment occurred twelve years before the trial decreased its probative value but did not require exclusion.
 
 [3]
 

 Cf. United States v. Reid,
 
 634 F.2d 469, 473-74 (9th Cir.1980),
 
 cert. denied,
 
 454 U.S. 829, 102 S.Ct. 123, 70 L.Ed.2d 105 (1981) (allowing cross-examination on false statements made eight years prior to trial).
 

 The judgment of the District Court is affirmed.
 

 [1]
 

 .
 
 Luce
 
 also rested on the speculative nature of the harm flowing from an erroneous
 
 in limine
 
 ruling. The Court noted that the District Court is free to change its ruling after the testimony is actually offered and that the Government might forgo an arguably impermissible method of impeachment.
 
 See
 
 105 S.Ct. at 463. The Court also believed that it would be difficult to view an
 
 in limine
 
 error as harmless and that the defendant should not be permitted to manufacture reversible error.
 
 See
 
 105 S.Ct. at 464.
 

 [2]
 

 . Justice Brennan discussed the majority’s citation of
 
 New Jersey
 
 v.
 
 Portash,
 
 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979), and noted that
 
 Luce
 
 might not foreclose appellate standing to challenge "a federal court’s
 
 in limine
 
 ruling concerning the constitutionality of admitting immunized testimony for impeachment purposes.” 105 S.Ct. at 464. Whether the Court will ultimately accord a non-testifying defendant standing to challenge
 
 in limine
 
 impeachment rulings resting solely on issues of law remains to be determined.
 

 [3]
 

 . Appellants argue, by analogy to Rule 609(b), that disbarment evidence more than ten years old should be excluded unless its probative value "substantially outweighs” its prejudicial effect. However, the trial court was required only to perform the ordinary balancing required by Rule 403. Rule 609(b) places a greater burden on the party seeking to use old convictions for impeachment because of the strong impeaching effect of a conviction and the greater latitude for presenting evidence under that rule if impeachment is allowed. Under Rule 608(b), the Government may inquire into specific instances of conduct on cross-examination but may not contradict through extrinsic evidence any answer given by the witness.
 
 See United States v. Ling,
 
 581 F.2d 1118, 1120-21 (4th Cir.1978);
 
 United States v. Masino,
 
 275 F.2d 129, 133 (2d Cir.1960). Under Rule 609, the conviction may be offered as evidence.