**UNITED STATES of America**
v.
**Robert M. WEICHERT, Defendant.**

**No. 84–CR–139.**

United States District Court,
N.D. New York.

Aug. 19, 1987.

Robert M. Weichert, pro se.

Frederick J. Scullin, Jr., U.S. Atty., N.D. N.Y. by William H. Pease, Asst. U.S. Atty., Syracuse, N.Y., for the U.S.

## OPINION

MacMAHON, District Judge.[*]

Defendant was convicted on May 31, 1985 following a three-day jury trial, held before us at Auburn, N.Y., on one count of conspiring to defraud the United States, in violation of 18 U.S.C. § 371 (Count 1), and four substantive counts of bankruptcy fraud, in violation of 18 U.S.C. §§ 152 and 2 (Counts 3, 4, 5 and 6). His conviction was affirmed in all respects. *United States v. Weichert*, 783 F.2d 23 (2d Cir.), *cert. denied*, — U.S. ——, 107 S.Ct. 117, 93 L.Ed.2d 64 (1986).

On August 15, 1985, defendant was sentenced to three years' imprisonment and fined $5,000 on each of Counts 1, 3 and 4, the prison sentences and the fines to run concurrently with each other, and five years' imprisonment on each of Counts 5 and 6, to run concurrently with each other but consecutively to the prison sentences imposed on Counts 1, 3 and 4. Execution of the prison sentences imposed on Counts 5 and 6 was suspended, and defendant was placed on probation for a period of five

[*] Of the United States District Court for the Southern District of New York, sitting by designation.

years, to commence upon expiration of the prison sentences imposed on Counts 1, 3 and 4, and on the condition that he make restitution for misappropriated property.

Defendant now moves, pursuant to 28 U.S.C. § 2255, to vacate his sentence. He argues that (1) the indictment was defective; (2) he was the victim of prosecutorial misconduct; (3) his pre-sentence report was erroneous; and (4) he received ineffective assistance of counsel.

### 1. *The Indictment*

■ Defendant, for the first time, contends that the indictment is fatally defective because it fails to charge the particulars of the scheme to defraud and is duplicitous. We need not consider these contentions.

■ Under Rule 12(b)(2), FEd.R.Crim.P., objections based on defects in the indictment are waived if not raised prior to trial. *United States v. Murray,* 618 F.2d 892, 899 (2d Cir.1980). Additionally, "an objection to duplicity is waived if not raised before trial, or, at the least, before verdict." *United States v. Droms,* 566 F.2d 361, 373 (2d Cir.1977).

### 2. *Prosecutorial Misconduct*

■ Defendant claims that he was the victim of prosecutorial misconduct because he was never told, while testifying before the grand jury, that he was the subject of an investigation, and, therefore, that he unwittingly incriminated himself. This claim must fail for two reasons.

Firstly, defendant raised this same issue before the Honorable Neal P. McCurn, who, by order dated May 23, 1985, denied defendant's motion to suppress his grand jury testimony. Defendant has simply restated his previously denied motion.

Secondly, because defendant failed to raise this claim on direct appeal, his use of it now constitutes an inappropriate attempt to substitute a § 2255 motion for an appeal. *See, e.g., Grimes v. United States,* 607 F.2d 6, 10 (2d Cir.1979).

### 3. *The Pre-Sentence Report*

■ Prior to sentencing, we asked defendant whether he wished to address the court. He spoke on his own behalf, saying:

There's no basis for Mr. Goldberg's accusations that there was $200,000 worth of stoves that were missing. No basis. (*See* Sentencing Transcript dated August 15, 1985 ("Tr. ____"), at p. 17.)

Defendant, citing *United States v. Charmer Indus., Inc.,* 711 F.2d 1164, 1172 (2d Cir.1983), now claims that we should have disregarded the disputed material, or allowed him to comment without the presentation of testimonial evidence, or requested corroboration from the government, or held an evidentiary hearing. He argues that we erroneously relied on disputed material in sentencing him to make restitution in the amount of $200,000. We disagree.

Defendant has conveniently overlooked certain relevant language in the restitution provision of the sentence, specifically, that portion which provides "on condition that he make restitution to the victim bankrupt estate of Timberline Energy Corporation in the amount of $200,000.00 *or such other sum ... as the Probation Officer of this District shall determine.*" (*See* Tr. 20 (emphasis added).) The probation office has subsequently determined that the United States Attorney's office for the Northern District of New York has been able to verify only $42,000.00 worth of missing stoves. This information has been submitted for the Parole Commission's "consideration in reassessing [Weichert's] offense severity rating." (*See* letter of Alan J. Cunningham, dated February 9, 1987, attached to defendant's supporting Memorandum of Law.)

The plain language of the sentence, coupled with the probation office's subsequent investigation and report to the Parole Commission, make clear that defendant is required to make restitution only in an amount supported by the evidence, and not on the basis of any unsubstantiated claims of the trustee in bankruptcy. We see nothing erroneous in such a provision. Furthermore, to the extent that defendant's contention that there is no basis for an

accusation that he diverted $200,000 worth of stoves is an attack on the sufficiency of the evidence, this argument was considered on appeal and rejected. *United States v. Weichert, supra,* 783 F.2d at 25.

### 4. *Ineffective Assistance of Counsel*

Defendant claims that his attorney "abandoned" him after trial, but before the appellate process was completed, and "erroneously" advised him not to take the stand during trial. He argues that the above actions constitute "ineffective assistance" of counsel.

In *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), the Supreme Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ... has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

In light of the above standard, both of defendant's "ineffective assistance" arguments must fail.

 Firstly, defendant's contention that he was "abandoned" is without merit. He was represented by counsel on appeal. *See, generally, United States v. Weichert, supra,* 783 F.2d at 24. The mere fact that his appellate counsel differed from his trial counsel scarcely constitutes "abandonment."

Secondly, defendant's contention that his counsel's advice against testifying at trial amounted to "ineffective assistance" is equally meritless. Inquiry into the reasonableness of trial counsel's tactical decisions must be viewed in light of all the surrounding circumstances, *Strickland v. Washington, supra,* 466 U.S. at 688–89, 104 S.Ct. at 2064–65, and defendant must make an initial showing that his counsel's trial performance was deficient. *Id.,* 466 U.S. at 687, 104 S.Ct. at 2064. Here, defendant's papers are absolutely devoid of any factual evidence which would show the requisite deficiency.

### CONCLUSION

Accordingly, defendant's application under 28 U.S.C. § 2255 is denied in all respects. We certify that any appeal from this order in forma pauperis should not be viewed as taken in good faith because an appeal would be frivolous. 28 U.S.C. § 1915(a); *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). We hereby order that a copy of this Opinion "be appended to and accompany any copy of the pre-sentence investigation report [hereafter] made available to the Bureau of Prisons or the Parole Commission." Rule 32(c)(3)(D), Fed.R.Crim.P.

So ordered.