UNITED STATES of America, Appellee,

v.

Robert M. WEICHERT, Adirondack Wood Stove Works, Inc., and Timberline East, Defendants,

Robert M. Weichert, Defendant–Appellant.

No. 162, Docket 86–1301.

United States Court of Appeals, Second Circuit.

Submitted Oct. 30, 1987.

Decided Jan. 13, 1988.

Frederick J. Scullin, Jr., U.S. Atty. for N.D.N.Y., Syracuse, N.Y., William H. Pease, Asst. U.S. Atty., for appellee.

Robert M. Weichert, pro se.

Before NEWMAN, WINTER and MINER, Circuit Judges.

WINTER, Circuit Judge:

Robert M. Weichert appeals from the denial of his motion under Fed.R.Crim.P. 35 attacking that portion of his sentence requiring $200,000 in restitution as a condition of probation. Under 18 U.S.C. § 3651 (1982), restitution amounts are limited to "actual damages or loss caused by the offense for which conviction was had." [1] Weichert claims that in imposing the $200,-000 order the district judge violated Fed.R. Crim.P. 32 by failing to make any finding in support of this amount after Weichert had disputed it and violated Section 3651 by entering a restitution order in excess of the actual loss.

We reverse and remand.

## BACKGROUND

This case has already been the subject of a direct appeal, *United States v. Weichert*, 783 F.2d 23 (2d Cir.), *cert. denied*, — U.S. ——, 107 S.Ct. 117, 93 L.Ed.2d 64 (1986), familiarity with which is assumed, and we summarize only those additional facts necessary for an understanding of Weichert's present claims brought under Rules 32 and 35.

Weichert was convicted of bankruptcy fraud. On the day of sentencing, he and his counsel were given a portion of the Pre-sentence Investigation Report ("PSI") prepared in his case. The PSI stated that the bankruptcy trustee had projected losses at $200,000, including both cash and wood stoves diverted from the bankrupt estate. During the sentencing hearing, the government argued that restitution was an important aspect of the case. An Assistant United States Attorney stated that the cash loss figure proved at trial was $42,342.32. The precise number of wood stoves diverted was never determined, and the PSI figure appears to be based upon the differ-

ence between earlier estimates of assets and the amount actually produced by the bankruptcy sale.

Weichert contested the $200,000 figure in the PSI at the sentencing hearing, stating that there was no basis for it. The district judge imposed sentence without making either a direct response to Weichert's contentions or an explicit reference to the disputed valuation. The judge stated merely that he had given much thought to the sentence and was relying on the evidence that had been presented, the arguments of counsel and the information in the PSI. Weichert was sentenced to three years concurrent imprisonment and a fine of $5,000 on counts one, three and four of the indictment, and to five years on each of counts five and six, with the sentences to run concurrently with each other but consecutive to the sentence on counts one, three and four. Execution of the sentences on counts five and six was suspended, with Weichert to be placed on five years' probation, on the condition that he make restitution to the bankrupt estate "in the amount of $200,000.00 or such other sum and on such terms as the Probation Officer of this District shall determine."

The restitution order later became the subject of a summary judgment motion by the trustee against Weichert in an adversary proceeding in the bankruptcy court. At a hearing on the motion, the trustee was questioned about the $200,000 figure and responded that he could not determine the exact amount of loss caused by Weichert's diversion of wood stoves. Instead, the trustee said that his motion was based solely on the restitution order itself, which, he claimed, was res judicata as to Weichert. He also stated that "[t]he Court felt that at least they had some proof as to what the defendant's activities were in this case and the extent of the loss and I don't think it's up to us to determine the penny by penny amount of the loss because, quite frankly, I could not prove it." Transcript of Record,

---

1. Title 18 U.S.C. § 3651 was effective for offenses committed prior to January 1, 1983. Restitution is now covered by 18 U.S.C. §§ 3663

and 3664 (1982 & Supp IV 1986) (formerly 18 U.S.C. §§ 3579 and 3580 (1982)).

*In re Timberline Energy, Inc.,* No. 81–00522 (Bankr.N.D.N.Y. Sept. 23, 1986).

Weichert did not challenge his sentence in his direct appeal but did make a timely motion under Rule 35 that is the subject of the instant appeal. He also raised the same issue, inter alia, in a separate motion under 28 U.S.C. § 2255 (1982). While an appeal from the denial of the Rule 35 motion was pending in this court, the district court denied Weichert's Section 2255 motion, *United States v. Weichert,* 668 F.Supp. 125 (N.D.N.Y.1987),[2] holding, inter alia, that the restitution order was proper because the court had delegated to the probation officer authority to revise the specific restitution amount in light of the evidence. In so ruling, Judge McMahon specifically stated that the "unsubstantiated claims of the trustee in bankruptcy" were not a basis for the restitution order. *Id.* at 127. The court also noted that the probation officer had determined after sentencing that the United States Attorney had been able to verify only $42,000 worth of missing stoves and had forwarded that information to the United States Parole Commission. *Id.* What that figure is based on or whether it is simply a misreporting of the *cash* loss cannot be determined on the record before us.[3]

## DISCUSSION

Rule 32(c)(3) imposes certain obligations on the sentencing judge designed both to assure the accuracy of PSIs and to minimize the possibility that a defendant will be sentenced on the basis of erroneous information. *See, e.g., United States v. Ursillo,* 786 F.2d 66, 68 (2d Cir.1986). Under Rule 32(c)(3)(A), the court must disclose the PSI to the defendant and defendant's counsel "[a]t a reasonable time before imposing sentence," and under Rule 32(a)(1)(A), the sentencing judge must "determine that the defendant and the defendant's counsel have had the opportunity to read and discuss" the PSI. If the comments of the defendant or his counsel or any information presented by them allege a factual inaccuracy in the PSI, Rule 32(c)(3)(D) directs the court to "make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." This finding or determination must then be reduced to writing and attached to any copy of the PSI thereafter made available to the Bureau of Prisons or the Parole Commission. Fed.R.Crim.P. 32(c)(3)(D). Compliance with Rule 32(c)(3)(D) is mandatory. *United States v. Bradley,* 812 F.2d 774, 782 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987); *United States v. Ursillo,* 786 F.2d at 68–69.

The government contends that a claim pursuant to Rule 32 may be raised only upon direct appeal and not by a motion under Rule 35. The government relies upon dicta in *United States v. Huss,* 520 F.2d 598, 602 (2d Cir.1975), to the effect that Rule 35 "does not even afford the means for correcting the failure of a district court to comply with Rule 32, Fed.R. Crim.P. in imposing sentence." *Huss,* in turn, relied upon *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962), which interpreted Rule 35 as narrowly limited to correcting a sentence beyond the

---

**2.** No appeal has been filed from the district court's denial of Weichert's motion under 28 U.S.C. § 2255.

**3.** The performance of the United States Attorney's office in this matter has not been helpful. In a brief filed with this court on August 6, 1987, it argued that the $200,000 restitution order was supportable because it was substantially lower than actual losses. Judge McMahon's opinion indicating losses as verified by the United States Attorney at $42,000 was filed thirteen days later. So far as we can tell, the United States Attorney has made no effort to correct Judge McMahon's impression of the government's view of losses or to reconcile the probation officer's statement with the position taken on this appeal. Indeed, the government made no effort to bring Judge MacMahon's decision to our attention. Had that opinion not been published and therefore discovered in a routine cite check by this court, this appeal would have been disposed of in ignorance of Judge McMahon's latest decision. In any event, the United States Attorney has done nothing to dispel the confusion that now reigns over the restitution order. We trust that on remand the government will devote some energy to clarifying matters.

statutory maximum, but as not allowing reexamination of "errors occurring at the trial or other proceedings prior to the imposition of sentence." *Huss*, 520 F.2d at 602–03 (quoting *Hill v. United States*, 368 U.S. at 430, 82 S.Ct. at 472). The panel in *Huss* apparently overlooked the fact that Rule 35 had been amended in 1966 in response to *Hill* to allow an attack upon sentences imposed in an illegal manner within the time limits imposed for motions to reduce a sentence, as well as attacks upon illegal sentences at any time. *See* Fed.R.Crim.P. 35 advisory committee note on 1966 amendments.

After the 1983 amendments to Rule 32 imposing mandatory procedures for sentencing, it seems clear that the dicta in *Huss* is not the law. Indeed, we have recently found no obstacle to addressing Rule 32 claims in motions under Rule 35. *United States v. Sambino*, 799 F.2d 16 (2d Cir.1985) (per curiam); *see also United States v. Brody*, 808 F.2d 944, 946–47 (2d Cir.1986) (treating Rule 35 motion as timely motion under Rule 32); *United States v. Ursillo*, 786 F.2d at 69–71 (assuming that Rule 32 claims may be raised under Rule 35 motion, but not deciding whether Rule 32 alone allows collateral attack upon the accuracy of PSI under some circumstances); *United States v. Castillo–Roman*, 774 F.2d 1280, 1284–85 (5th Cir.1985) (per curiam) (reaching Rule 32 claim brought in Rule 35 motion). We therefore believe that Weichert's claim may be raised under Rule 35.

Under Section 3651, a restitution order must be limited to "actual damages or loss caused by the offense for which conviction was had." It follows from this provision that there must be some judicial determination of the actual loss suffered by the crime's victims, *see United States v. Black*, 767 F.2d 1334, 1344 (9th Cir.) (restitution order improper where there was no "plea agreement, judicial determination, or 'consensual means'" fixing amount), *cert. denied*, 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed. 2d 557 (1985).

■ We disagree with the view stated in the district court's denial of Weichert's Section 2255 motion that factfinding regarding restitution orders may be delegated to a probation officer. To the contrary, we believe it clear that such an adjudication is solely a judicial function. *See Dougherty v. White*, 689 F.2d 142, 145 n. 1 (8th Cir.1982); *United States v. Mancuso*, 444 F.2d 691, 695 (5th Cir.1971); *see also United States v. Hoffman*, 415 F.2d 14, 21 (7th Cir.) (conditioning probation upon restitution of sum to be determined by state insurance director violates 18 U.S.C. § 3651), *cert. denied*, 396 U.S. 958, 90 S.Ct. 431, 24 L.Ed.2d 423 (1969). Faced with a defendant's claim that information in a PSI relevant to the proper restitution amount is incorrect, therefore, a sentencing court must make a finding under Rule 32 after an appropriate hearing when it intends to rely upon the PSI for such an order. Indeed, the better course would be to accompany any restitution order with a statement indicating the basis for the precise amount chosen.[4] That amount should be either the total actual loss or such portion of the actual loss as is established by the evidence.

■ In the instant case, the district judge made no such finding. This failure to comply with Rule 32 compels us to remand. *United States v. Bradley*, 812 F.2d at 782. We note in this regard that subsequent events sharply underscore the need for a serious reexamination of the restitution order in light of the evidence presented at trial or otherwise brought before the district court. The trustee's remarks in the bankruptcy court, the probation officer's submission of the $42,000 figure to the Parole Commission and the district court's recent description of the trustee's estimates as "unsubstantiated," 668 F.Supp. at 127, are hardly reassuring. A judicial finding as to the amount in cash and goods diverted by Weichert, accompanied by a reference to evidence supporting that find-

---

4. We note that the procedures outlined here for 18 U.S.C. § 3651 are similar to those effective for offenses committed after January 1, 1983.

*See* 18 U.S.C. § 3664 (formerly 18 U.S.C. § 3580).

ing, is thus essential. Absent a supportable finding, Weichert must be resentenced. We therefore direct that an appropriate hearing be held on Weichert's challenge to the PSI's estimate of loss, with either party free to supplement the record.

Accordingly, the matter is remanded for proceedings consistent with this opinion.[5]

---

**5.** Weichert's attacks on the validity of his indictment are not properly raised in a motion under Rule 35, which presupposes a valid conviction. *See* 3 Wright, *Federal Practice and Procedure: Criminal 2d* § 582 (1982).