**UNITED STATES of America, Plaintiff,**

**v.**

**Mario BIAGGI, Stanley Simon, Peter Neglia, John Mariotta, Bernard Ehrlich, Richard Biaggi, and Ronald Betso, Defendants.**

**No. 87 Cr. 265 (CBM).**

United States District Court, S.D. New York.

July 11, 1988.

Rudolph W. Giuliani, U.S. Atty., New York City by Howard Wilson, Edward J.M. Little, Mary T. Shannon, Asst. U.S. Attys., S. Alexander Planzos, Sp. Asst. U.S. Atty., for U.S.

LaRossa, Mitchell & Ross, New York City by James M. LaRossa, for defendant Mario Biaggi.

Kramer, Levin, Nessen, Kamin & Frankel, New York City by Maurice N. Nessen, David Seide, Cecelia Loving–Sloane, for defendant Stanley Simon.

Kevin P. McGovern, Brooklyn, N.Y., for defendant Peter Neglia.

Skadden, Arps, Slate, Meagher & Flom, New York City by Jeffrey Glekel, David H. Hennessy, for defendant John Mariotta.

Kostelanetz, Ritholz, Tigue & Fink, New York City by Peter J. Driscoll, Catherine Redlich, for defendant Bernard Ehrlich.

Dominick F. Amorosa, New York City for defendant Richard Biaggi.

Buchwald & Kaufman, New York City by Alan R. Kaufman, for defendant Ronald Betso.

## MEMORANDUM OPINION

MOTLEY, District Judge.

This Memorandum Opinion sets forth in expository form the court's rulings from the bench on June 27 and June 30 as to (1) Richard Biaggi's application for permission to subpoena Edwin Meese, James Jenkins, and Terry Good; (2) Richard Biaggi's motion for a mistrial; and (3) Congressman Mario Biaggi's motion *in limine* to preclude the Government from cross-examining the Congressman about certain matters, should he choose to testify in his own defense.

## DISCUSSION

### (1) Proffer of the Testimony of Meese, Jenkins, and Good

In a letter dated June 20, 1988 (Court Exhibit 9), defendant Richard Biaggi explained his proffer of the testimony of Edwin Meese, James Jenkins, and Terry Good. Defendant maintained that "the testimony of these witnesses will establish that it was they and others, not Richard Biaggi and his father, who corruptly acted on behalf of Wedtech." The Government opposed the proffer on the grounds that the evidence was both irrelevant and cumulative.

The court recognizes that defendant wishes to argue that the officers and directors of Wedtech did not need the assistance of the Congressman Biaggi or his son because they had the help of Meese, Jenkins, and other powerful people in the current administration. As the court has noted repeatedly, however, evidence of the possibly unlawful activities of persons not mentioned in the indictment has no bearing on anything this jury has to decide. *See United States v. Mario Biaggi*, 675 F.Supp. 790, 811 (S.D.N.Y.1987). This jury must decide whether any of the defendants presently on trial violated federal law. The conduct of Meese, Jenkins, Nofziger, Wallach, or Bragg is irrelevant to this question. Moreover, the court has already permitted the defendants to introduce evidence that would allow them to make the aforementioned argument to the jury. Because the testimony of Meese, Jenkins, or Good would therefore be not only irrelevant but cumulative, Richard Biaggi's application for permission to subpoena them is denied.

### (2) Richard Biaggi's Motion for a Mistrial

Richard Biaggi moved on June 23, 1988 for a mistrial. In support of his motion, he alleged that the Government's failure to produce certain letters, now marked as Government Exhibits 9A–K, violated Federal Rule of Criminal Procedure 16 and thereby prejudiced his defense.

A defendant moving for a mistrial must show that "taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated."

*United States v. Perez,* 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824); *see United States v. Klein,* 582 F.2d 186, 190 (2d Cir. 1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). Richard Biaggi cannot carry this heavy burden. For the reasons enumerated with respect to the testimony of Meese, Jenkins, and Good, the letters allegedly so key to Richard Biaggi's defense also constitute evidence that is irrelevant and cumulative. Because Richard Biaggi's opportunity to obtain a fair trial has not been prejudiced by the recent production of the letters, the court denies his motion for a mistrial.

### (3) Congressman Biaggi's Motion in limine

On June 21, 1988, Congressman Mario Biaggi moved *in limine* for an order precluding the Government from cross-examining him—should he decide to testify—with respect to two matters: (1) the conduct underlying his convictions in the Eastern District of New York and (2) evidence of other "bad acts" that occurred more than ten years ago. Congressman Biaggi argued that should the Government seek to impeach him by introducing evidence of his prior conviction pursuant to Federal Rule of Evidence 609, the Government should be limited to inquiring about the name of the crime, the time and place of conviction, and the punishment received. *See United States v. Finkelstein,* 526 F.2d 517, 529 (2d Cir.1975), *cert. denied,* 425 U.S. 960, 96 S.Ct. 1742, 48 L.Ed.2d 205 (1976); J. Weinstein & M. Berger, 3 *Weinstein's Evidence,* ¶ 609[05], at 609–102—609–103 (1987). Congressman Biaggi also argued that the probative value of evidence of bad acts that occurred more than ten years ago was outweighed by the danger of unfair prejudice and that evidence as to them should be excluded pursuant to Rule 403 should the Government seek to introduce it pursuant to Rule 608(b).

In response, the Government first stressed that it seeks to introduce the facts underlying Congressman Biaggi's prior convictions not only for purposes of impeachment pursuant to Rule 609 but also pursuant to Rule 404(b) as evidence of prior or similar acts. The Government noted that the court has already admitted, pursuant to Rule 404(b), evidence of the Congressman's prior conviction of receiving a gratuity. The Government argued that if Congressman Biaggi puts his intent in question as to the perjury charge, the Government should be permitted pursuant to Rule 404(b) to elicit evidence of the obstruction of justice conviction obtained in the Eastern District.

The Government also argued that the court should not impose a ten-year limit upon the evidence introduced pursuant to Rule 608(b). It pointed out that the Second Circuit has not applied the standard articulated in Rule 609 to facts requiring the application of Rule 608(b). *See United States v. Weichert,* 783 F.2d 23, 26 (2d Cir.1986) (stating that the fact that a disbarment occurred twelve years before trial "decreased its probative value but did not require exclusion"). The Government maintained that the evidence it seeks to introduce regarding bad acts that occurred over ten years ago is more probative of Congressman's Biaggi's character for truthfulness or untruthfulness than it is prejudicial to his defense.

The motion to exclude facts underlying the Congressman's prior convictions poses different issues for the conviction of receiving a gratuity and the conviction of obstruction of justice. The court has already admitted documentary evidence of the gratuity-receiving conviction pursuant to Rule 404(b) and Rule 803(22). The Government agreed on June 29 that during cross-examination of Congressman Biaggi, it will neither make nor elicit reference to the fact that the gratuity he was previously convicted of receiving involved payment for a trip with a girlfriend. Barring the introduction of that evidence, which the court finds is more prejudicial than it is probative, the Government may introduce enough facts about the conviction to show the similarity between that conviction and the present charges. The frank admission by the Congressman upon cross-examination that he was convicted of gratuity-receiving in the Eastern District would not

operate to preclude introduction of some factual background as to that conviction. *Cf. United States v. Pedroza*, 750 F.2d 187, 201 (2d Cir.1984) (permitting the introduction of details necessary to the jury's understanding of the Government's theory, despite defendant's offer to stipulate to some facts).

■ As to the prior conviction of Congressman Biaggi for obstruction of justice, the court noted on June 30, 1988 that evidence of this prior conviction may not be introduced pursuant to Rule 404(b) unless and until the Congressman puts his intent in issue as to the perjury charge in the instant indictment. The court ruled that if Congressman Biaggi puts his intent in issue during direct examination, then the Government would be entitled pursuant to Rule 404(b) to present enough factual detail to make it clear to the jury what the obstruction of justice charge was in the Eastern District. *Cf. Pedroza, supra* (same). The court noted, however, that unless Congressman Biaggi's answers to questions made introduction of tapes necessary, the Government would be precluded from playing the tapes used in the Eastern District case. If Congressman Biaggi does not put his intent in issue, the evidence of the obstruction of justice charge in the Eastern District is admissible pursuant to Rule 609 on the issue of the Congressman's credibility, but cross-examination should be limited to inquiry about the type of crime, the time and place of conviction, and the punishment received. *See Finkelstein, supra.*

■ The court also ruled on June 30 with respect to two instances of prior bad acts not resulting in criminal convictions, each of which occurred more than ten years ago. The first involved evidence that the Congressman accepted a no-show job in 1968, had the job placed in his daughter's name, and then collected the compensation paid for that job. The second involved the Congressman's false assertion during the 1973 New York City mayoral campaign that he had not invoked the Fifth Amendment when testifying before a grand jury.

Prior to trial, the court ruled that the Government could not introduce during its direct case evidence of the Congressman's acceptance of the no-show job because the event was too remote. After having heard the Government's case, the court decided to reconsider the Government's motion to permit introduction of this evidence pursuant to Rule 404(b). In light of the considerable weight of the evidence against the Congressman, the court determined that any prejudice that might arise from introducing the evidence of the no-show job would be slight and outweighed by the probative value of that evidence. Therefore, should the Congressman elect to testify, the Government would be permitted to introduce this evidence pursuant to Rule 404(b) during its cross-examination.

The court also decided that evidence as to the no-show job and the false statement regarding invoking the fifth amendment is admissible pursuant to Rule 608(b). In making this determination, the court took into account the weight of the Government's evidence against the Congressman and the fact, revealed through his counsel in his opening statement, that he will ask the jury to consider his long career in public service in this community. The references in the opening statement to the Congressman's fine public record and the prospect of testimony by numerous character witnesses, in effect, put his character in issue generally. Fairness requires that the Government have an opportunity to rebut this evidence. Therefore, Congressman Biaggi's motion to limit the scope of the Government's cross-examination as to the bad acts described above is denied.

## CONCLUSION

For the reasons set forth above, the court DENIES (1) Richard Biaggi's motion for permission to subpoena Edwin Meese, James Jenkins, and Terry Good; (2) Richard Biaggi's motion for a mistrial; (3) Congressman Biaggi's motion *in limine* to limit the scope of the Government's cross-examination, except as previously noted in the event that the Congressman does not

put his intent in issue as to the perjury charge.