14-2421-cr
*United States v. Williams*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee,*

> -v.-                                                                No. 14-2421-cr

EDWARD WILLIAMS,
> *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**   JONATHAN SVETKEY, Watters & Svetkey, LLP, New York, NY.

**FOR APPELLEE:**   MARIA CRUZ MELENDEZ (Amy Busa, *on the brief*), Assistant United States Attorneys, *for* Kelly T. Currie, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a June 26, 2014 judgment of conviction in the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 26, 2014 judgment of the District Court is **AFFIRMED**.

Defendant-appellant Edward Williams appeals from a judgment of conviction entered in the District Court after a jury found him guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). The District Court sentenced Williams principally to a term of 54 months' imprisonment and three years of supervised release.

On appeal, Williams contends that he was denied his right to a fair trial because the District Court, in a mid-trial ruling, permitted the government to impeach him with evidence of prior false statements to law enforcement. These false statements—which were made in connection with Williams' robbery-related convictions in 2007—were deemed admissible pursuant to Federal Rule of Evidence 608(b). Williams asserts that this evidentiary ruling caused him not to testify, even though his counsel had already informed the jury, during opening statements, that the defendant would take the stand. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

In *Luce v. United States*, 469 U.S. 38, 43 (1984), the Supreme Court held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." The Court's reasoning centered on the difficulties associated with reviewing a trial court's balancing of probative value and prejudice without the benefit of having the witness's actual testimony. While *Luce* focused on impeachment evidence under Federal Rule of Evidence 609(a), we have previously held that "there is no reason to distinguish Rule 608(b) cases from Rule 609(a) cases" when it comes to a defendant challenging a motion *in limine* without first testifying. *United States v. Weichert*, 783 F.2d 23, 25 (2d Cir. 1986) (per curiam).[1] Because Williams did not take the stand, he has failed to "raise and preserve for review" the correctness of the District Court's ruling. *Luce*, 469 U.S. at 243.

Moreover, even if Williams has standing to challenge the *in limine* ruling, we would still affirm, as the District Court did not abuse its discretion. A district court abuses its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot* (*In Re Sims*), 534 F.3d 117, 132 (2d Cir. 2008) (internal citation and quotation marks

---

[1] In *United States v. Velez*, 354 F.3d 190, 193-94 (2d Cir. 2004), we limited the holding of *Luce* to cases raising fact-specific balancing test questions and not those posing claims that are "unconstitutional as a general matter." Here, defendant's claim—that the threat of impeachment evidence caused him not to testify—falls into the former category. Williams was not prevented from "taking the stand and presenting any admissible testimony which [ ]he chooses." *Ohler v. United States*, 529 U.S. 753, 759 (2000).

omitted). "When a defendant offers an innocent explanation he 'opens the door' to questioning into the truth of his testimony, and the government is entitled to attack his credibility on cross-examination." *United States v. Payton*, 159 F.3d 49, 58 (2d Cir. 1998). Indeed, Federal Rule of Evidence 608(b) allows a witness to be cross-examined about specific instances of conduct in the discretion of the court if these are probative of his character for truthfulness.

Though the District Court had originally denied the government's motion to cross-examine Williams about the underlying circumstances of his 2007 convictions, it allowed the government to submit cases to support its Rule 608(b) argument and indicated that it was "willing to revisit" the point. Def. App. at 23. Once the defense counsel made Williams' credibility an issue by implying that he had been framed by law enforcement, the government moved to impeach Williams, if he testified, with his previous false statements to law enforcement in 2007, where he had also alleged that he was framed. In light of this record, it cannot be said that the District Court abused its discretion in permitting the government to impeach Williams pursuant to the significant latitude given to a trial judge under Rule 608(b).

## CONCLUSION

We have considered defendant's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the June 26, 2014 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3