14-2450-cr
United States v. Maye

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of May, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                          14-2450-cr

JOHN E. MAYE,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Reetuparna Dutta (Daniel C. Oliverio, *on the brief*), Hodgson Russ LLP, Buffalo, NY.

Appearing for Appellee:      Frank T. Pimentel, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant John E. Maye, a physician, appeals from the judgment of conviction entered on July 2, 2014, in the United State District Court for the Western District of New York (Skretny, *J.*) on 33 counts of unlawfully dispensing and distributing controlled substances, in violation of 21 U.S.C. § 841, following a jury trial. Maye, who was sentenced principally to one year and one day imprisonment to run concurrently on each count, challenges his conviction but not his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Maye argues first that there was insufficient evidence from which the jury could conclude that he did not act in good faith when approving prescriptions. Under the Controlled Substances Act, a doctor may be convicted of distribution of controlled substances if his "conduct exceeded the bounds of 'professional practice.'" *United States v. Moore*, 423 U.S. 122, 142 (1975). That is, the government must prove that the defendant "caused the drugs to be dispensed other than for a legitimate medical purpose, other than in good faith, and not in the usual course of medical practice." *United States v. Wexler*, 522 F.3d 194, 206 (2d Cir. 2008). A doctor acts in good faith when he is engaged in the "honest exercise of professional judgment" and acts with "a reasonable belief as to proper medical practice." *Id.*

Reviewing Maye's challenge to the sufficiency of the evidence de novo, *see United States v. Desposito*, 704 F.3d 221, 226 (2d Cir. 2013), and considering the evidence in the light most favorable to the government, we conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). There was ample circumstantial evidence from which a jury could conclude that Maye was not acting in good faith, including the expert witness's testimony about the usual course of medical practice, and how Maye's records demonstrated that he was not acting in the usual course of medical practice, evidence that Maye never conducted in-person examinations of patients, evidence that Maye authorized prescriptions without obtaining or reviewing medical records, evidence that Maye authorized prescriptions after extremely brief conversations with patients, or no conversations with patients, evidence that Maye did not make diagnoses prior to prescribing medication, and evidence regarding the quantities and types of medications he dispensed.

Maye also argues that there was insufficient evidence that he distributed or dispensed the drugs listed in the indictment. We disagree. It is undisputed that approving a prescription is sufficient for conviction, even if the customer did not ever fill the prescription. There was ample evidence from which the jury could conclude that Maye approved the prescriptions described in the indictment, including Maye's client records, evidence of his statements to DEA Investigator Joseph Cowell, testimony from former patients, and testimony of a former employee.

Maye argues next that the district court erred in excluding reference to the Ryan Haight Act under Federal Rule of Evidence 403. "We review a district court's evidentiary rulings under a deferential abuse of discretion standard, and we will disturb an evidentiary ruling only where the decision to admit or exclude evidence was 'manifestly erroneous.'" *United States v. McGinn*,

787 F.3d 116, 127 (2d Cir. 2015) (quoting *United States v. Samet*, 466 F.3d 251, 254 (2d Cir. 2006)). The district court did not abuse its discretion in holding that the passage of the Act, which post-dated Maye's criminal conduct, had limited probative value which was outweighed by the potential for jury confusion. Further, the court's ruling that Maye could elicit testimony that no federal law existed at the time of the conduct in question that explicitly provided that an in-person examination was required prior to the dispensing of controlled substances sufficiently permitted Maye to assert his good faith defense.

Next, Maye argues that his right to testify on his own behalf was burdened by the district court's failure to definitively rule prior to trial as to the admissibility of impeachment evidence were Maye to testify. But it is within the district court's discretion to defer such evidentiary rulings until a defendant has testified. *See United States v. Crisona*, 416 F.2d 107, 117 (2d Cir. 1969); *United States v. Evanchik*, 413 F.2d 950, 953 (2d Cir. 1969). Further, by failing to testify, Maye waived any challenges to the district court's preliminary evidentiary rulings on these issues. *See Luce v. United States*, 469 U.S. 38, 41-43 (1984); *United States v. Weichert*, 783 F.2d 23, 25 (2d Cir. 1986).

Maye also challenges the district court's handling of a dispute between Jurors 5 and 9. Maye does not challenge the district court's dismissal of those jurors; indeed, he asked for them to be dismissed. Rather, Maye argues that a mistrial was the only appropriate remedy. We disagree. After dismissing Jurors 5 and 9 and questioning and swearing in two alternate jurors, the district court conducted voir dire of each remaining juror. All of the remaining jurors unequivocally assured the court that they could be fair and impartial, put the previous day's occurrences out of their minds, and begin deliberations anew. Further, the court repeatedly instructed the jurors that they were required to begin deliberations anew.

"We review for abuse of discretion the district court's handling of alleged juror misconduct" and its "denial of a mistrial." *United States v. Farhane*, 634 F.3d 127, 168 (2d Cir. 2011). "In doing so, we accord the district court 'broad flexibility,' mindful that addressing juror misconduct always presents 'a delicate and complex task,' particularly when the misconduct arises during deliberations." *Id.* (citation omitted) (quoting *United States v. Cox*, 324 F.3d 77, 86 (2d Cir. 2003)). "Further, we recognize that the district court is 'in the best position to sense the atmosphere of the courtroom as no appellate court can on a printed record.'" *Id.* (quoting *United States v. Abrams,* 137 F.3d 704, 708 (2d Cir. 1998)). Having reviewed the record, we conclude that the district court properly investigated the alleged misconduct, and was well within its discretion in denying Maye's motion for a mistrial. "Because no juror indicated that he or she would have a problem following the[] [district court's] instructions, the district court reasonably concluded from the totality of the circumstances that the misconduct at issue did not warrant either a mistrial or new trial." *Id.* at 170 (citations omitted).

Finally, Maye argues that the prosecutor misstated the law on good faith in summation and that the court therefore should have instructed the jury that Maye could not be convicted merely for civil malpractice. To the extent that the prosecutor misstated the law, that error was remedied by the defense objecting contemporaneously, the court sustaining the objection, instructing the jury that it alone provided the law, and providing an accurate statement of the law. *See Chalmers v. Mitchell*, 73 F.3d 1262, 1270-71 (2d Cir. 1996) (holding that although

prosecutor misstated the law and the court did *not* sustain the objections by defense, it was "not reasonably likely that the jury applied the incorrect standard" because of the court's proper instructions). The court did not need to give the defendant's proposed instruction on the difference between the civil and criminal standards of liability because the court's intervention "shield[ed] [Maye] from criminal liability for any mistake, however gross." *Wexler*, 522 F.3d at 206.

We have considered the remainder of Maye's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4