**Bashir BAESHO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. CV 86–3905, CR 84–308.**

United States District Court, E.D. New York.

April 13, 1987.

---

Ann Kenner, Asst. U.S. Atty., Brooklyn, N.Y., for U.S.A.

Herald Price Fahringer, New York City, for petitioner.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Petitioner Bashir Baesho has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner alleges as the basis for such relief: (1) that the government's failure to disclose that the weapons charged in the indictment had been made inoperable, and therefore were not "firearms," requires that Petitioner's conviction be vacated because his guilty plea was not knowing and voluntary; (2) that the court did not comply with the procedural requirements of Rule 32(c)(3)(D) of the F.R.Crim.P. in sentencing petitioner. (Petitioner's Memorandum of Law, p. 2).

## FACTS

This case arises from an investigation conducted in 1984 by agents of the Federal Bureau of Investigation into efforts by various Libyan nationals residing in this country to purchase weapons illegally. As part of that investigation on April 5, 1984, F.B.I. Special Agent Richard Chavlovich was introduced to petitioner in an undercover capacity as an illegal arms dealer.

On May 9, 1984, Chavlovich and petitioner met at a parking lot in Elmsford, New Jersey. There petitioner paid Agent Chavlovich $3,000.00 for three Colt 1911 Model .45 caliber automatic pistols fitted with silencers. After petitioner purchased the pistols and silencers, Baesho and Agent Chavlovich drove from Staten Island to Delaware County, Pennsylvania, where they met co-defendant Mehdi Hitewash. When the weapons were placed in Hitewash's car, the F.B.I. agents arrested both petitioner and Hitewash for violations of the National Firearms Act. After a removal hearing in the Eastern District of Pennsylvania, the defendants were arraigned in this Court on May 18, 1984 on a four-count indictment.

On August 24, 1984, the petitioner pled guilty to count Three of of the Indictment, charging him with knowing and unlawful possession of three unregistered silencers in violation of Title 26, United States Code, Sections 5861(d) and 5871, and Title 18 U.S.C. § 2. Baesho was sentenced on October 12, 1984 to eight years' imprisonment and was fined $10,000.00.

At the sentencing hearing Baesho and his attorney challenged the accuracy of certain statements in the presentence report. Baesho took "issue ... to the extent that [the presentence report alleged] he was kind of put in this country by his government to act as some kind of terrorist." (Sentencing Transcript p. 3) Petitioner claims that the court failed to make all necessary findings of fact before sentencing.

On January 16, 1986, ABC News broadcast excerpts of an interview between ABC correspondent John Stossel and F.B.I. Agent Wayne Davis. During that interview, the following conversation occurred:

DAVIS: He [Baesho] wanted quite a number of weapons. In fact, he wanted 30,000 automatic rifles; he wanted C–130 aircraft parts and, in addition, he wanted some handguns as well.

STOSSEL: But you doctored them so they wouldn't work.

DAVIS: We sold inoperable weapons with silencers, automatic pistols, .45–caliber pistols, and handguns which are single-shot weapons but automatic in functioning and mechanism.

(Transcript: 20/20 ABC Broadcast 1/16/86, p. 2)

## DISCUSSION

*Inoperable Weapons*

Petitioner argues that because "the Government failed to disclose to Mr. Baesho that the pistols and silencers were inoperable ..." Baesho's decision to plead guilty was not "[knowing and intelligent]." (Petitioner's Memorandum of Law, p. 12) Based upon the fact that the pistols and silencers were inoperable, Baesho argues that his judgment of conviction should be vacated.

Baesho relies upon the excerpts from an ABC News Television interview between John Stossel and F.B.I. Agent Wayne Davis. Agent Davis stated to John Stossel during the interview: "We sold [Baesho] inoperable weapons, with silencers ..." (Transcript 20/20 ABC Broadcast 1/16/86, p. 2) Furthermore, Agent Davis did not participate in the investigation of Baesho and, at the time of the interview, had no personal knowledge of the condition of the silencers or the weapons on May 9, 1984. In fact, Agent Davis had never seen the silencers purchased by Baesho. (Affidavit of A.U.S.A. Ann Kenner, p. 2) Petitioner's argument that the weapons and silencers were inoperable, based upon the ABC 20/20 Broadcast, is not supported by the record.

Petitioner further relies on a newspaper article published by the Philadelphia Daily News on May 19, 1984. The article does not reveal any source for its claim that both the weapons and silencers were inoperable. A similar article published by the Philadelphia Daily News on May 10, 1984 revealed that Gregory Miller, an Assistant United States Attorney for the Eastern District of Pennsylvania, stated that "neither the pistols nor the silencers [sold to Baesho] were operable." (Government Exhibit I, p. 2)

Gregory Miller, in his affidavit, stated that in his capacity as Chief of the Criminal Division, he held a press conference at the federal courthouse in Philadelphia relating to the arrest of Bashir Baesho. Miller stated to the press that pistols sold to Baesho by an undercover agent of the F.B.I. had been disabled. Miller at no time stated that the silencers were inoperable. Miller did not participate in the investigation of Baesho and never examined the silencers purchased by Baesho. (Affidavit of Gregory Miller, pp. 1–2)

"Because a motion pursuant to Section 2255 is a collateral attack on the judgment of conviction or sentence, the burden is on the petitioner to establish a basis for relief on the grounds set forth in the statute. Consequently, to be successful on this motion, the petitioner must allege substantial issues of fact, which if proven, would entitle [him] to the relief [he] seek[s]." *Collins v. United States*, 418 F.Supp. 577 (E.D.N.Y.1976) Petitioner has not met his burden of establishing a basis for relief on the ground stated. It is patently clear that petitioner, in his collateral attack of his criminal conviction, has failed to "overcome the threshold hurdle" that the "challenged judgment carries with it a presumption of regularity." *Williams v. United States*, 481 F.2d 339, 346 (2d Cir.1973), *cert. denied*, 414 U.S. 1010, 94 S.Ct. 373, 38 L.Ed.2d 248 (1973).

The affidavit of Paul Schrecker established that the silencers purchased by Baesho were fully operational. Each of the three silencers that were purchased by Baesho had been previously tested at the F.B.I. laboratory in Washington, D.C. and found to reduce the noise level of a .45 caliber pistol by approximately 90 percent. (Affidavit of Paul Schrecker, p. 2) The silencers were fully operational and not disabled or altered in any way prior to sale to petitioner. (Affidavit of Paul Schrecker, p. 3)

Under the National Firearms Act a silencer, in and of itself, is viewed as a firearm subject to regulation. See 26 U.S.C. § 5845(a)(7) ("[t]he term firearm

means ... a muffler or a silencer for any firearm whether or not such firearm is included within the definition"). A silencer has been defined as a "device specifically designed or used to make the firing of a weapon quieter." *United States v. Thomas,* 567 F.2d 299, 300 (5th Cir.1978). *See also United States v. Schrum,* 346 F.Supp. 537, 539 (E.D.Va.1972); *United States v. Luce,* 726 F.2d 47 (1st Cir.1984); *United States v. Burgard,* 551 F.2d 190, 195 (5th Cir.1977); *United States v. Brown,* 438 F.Supp. 1002, 1004–1005 (D.Conn.1977).

As stated in the affidavit of Paul Schrecker, each of the three silencers that were purchased by Baesho had been previously tested at the F.B.I. laboratory in Washington, D.C. and found to reduce the noise level of a .45 caliber pistol by approximately 90 percent. (Affidavit of Paul Schrecker, p. 2)

■ Baesho has not revealed any facts which demonstrate that the silencers were inoperable. He bases his argument on pure speculation. All of the evidence before this Court indicates that the silencers were "operable" within the definition of the National Firearms Act. The court can find no violation by the government of its disclosure duties under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Baesho's plea of guilty was clearly voluntary. His plea of guilty to possessing unregistered silencers was made with an understanding of the nature of the charge. It is also patently clear that petitioner "possesse[d] an understanding of the law in relation to the facts." *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969). Petitioner's plea was entered into knowingly and voluntarily. Since petitioner's claim for relief based upon the inoperability of the silencers is wholly without merit, this court finds that a hearing is unnecessary. *Seiller v. United States,* 544 F.2d 554, 567 (2d Cir.1975). Petitioner has failed to demonstrate that he has actual proof of the allegations contained in his petition. Baesho, instead, bases his relief on unsupported newspaper accounts. Furthermore, peti-

tioner has alleged no facts showing good cause for discovery. *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.), *cert. denied,* 429 U.S. 826, 97 S.Ct. 81, 50 L.Ed.2d 88 (1976); *see also, Smith v. United States,* 618 F.2d 507 (8th Cir.1980).

Accordingly, the demand for a hearing and discovery is denied.

### Presentence Report

Petitioner also argues that the court did not comply with the procedural requirements of Rule 32(c)(3)(D) of the Fed.R. Crim.P. in sentencing the petitioner.

Pursuant to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure,

"[w]here the defendant or his counsel allege any factual inaccuracies in the [presentence] report, the judge must either make a finding concerning the objection or a determination that such finding is unnecessary because 'the matter controverted will not be taken into account in sentencing.'"

*United States v. Ursillo,* 786 F.2d 66, 68–9 (2d Cir.1986).

During the sentencing of petitioner on October 12, 1984, petitioner and his counsel challenged the presentence report's portrayal of petitioner as a terrorist and assassin. Petitioner also argues that the court did not make a finding as to whether the Libyan student committee was a cover for the Libyan government.

■ The court has reviewed the sentencing transcript of petitioner and finds that in order to fully comply with Rule 32(c)(3)(D), this Court must resentence petitioner and make the appropriate findings concerning the disputed terms in the presentence report. *See United States v. Ursillo,* 786 F.2d 66, 68–69, 71 (2d Cir.1986); *United States v. Bradley,* 812 F.2d 774, 782–83 (2d Cir.1987).

Accordingly, the petitioner's motion pursuant to 28 U.S.C. § 2255 is granted in part and denied in part. Petitioner's claim that his conviction be vacated because his guilty plea is not knowing and voluntary is denied. Petitioner's request for resentencing for the purpose of resolving controverted

matters in the presentence report is granted. All parties are directed to reappear for resentencing of petitioner on May 15, 1987.

SO ORDERED.