**UNITED STATES of America, Appellee,**

v.

**J. Michael ROBILOTTO,**
**Defendant–Appellant.**

**No. 574, Docket 88–1328.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 19, 1988.

Decided Jan. 26, 1989.

---

Stanley M. Meyer, New York City (Linda S. Sheffield, DePetris & Meyer, of counsel), for defendant-appellant.

Frank J. Marine, U.S. Dept. of Justice, Washington, D.C. (Frederick J. Scullin, Jr., U.S. Atty. for N.D.N.Y., Syracuse, N.Y., Kevin E. McCormack, Sp. Atty., U.S. Dept. of Justice, Syracuse, N.Y., of counsel), for appellee.

Before FEINBERG, NEWMAN and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendant-appellant J. Michael Robilotto appeals from an order entered in the United States District Court for the Northern District of New York (Lee P. Gagliardi, J.) which denied his motion, pursuant to Fed. R.Crim.P. 32(c)(3)(D), for a hearing to correct allegedly inaccurate post-sentence communications made by the government. Robilotto was convicted following a jury trial of multiple violations of the labor and racketeering statutes arising from his participation in the extortion of money from a movie studio. On December 8, 1986, Robilotto was sentenced to a total of six years of imprisonment and was ordered to make restitution.

In his motion to the district court, filed on May 10, 1988, Robilotto asserted that the prosecution improperly communicated with the United States Bureau of Prisons ("Bureau of Prisons") and the United States Parole Commission ("Parole Commission"). Robilotto requested a hearing in order to correct inaccuracies allegedly contained in these communications. On July 12, 1988, the motion was denied. For the reasons that follow, we affirm the order of the district court.

Robilotto disputes the accuracy of statements contained in a letter sent to the Bureau of Prisons on January 21, 1987 in which the prosecutors expressed their displeasure with Robilotto's assignment to the Federal Correctional Institution at Allenwood. Robilotto also asserts that the prosecutors improperly attended his parole hearing on February 2, 1988, and made additional inaccurate statements at the hearing. In the district court and on this appeal, Robilotto contends that Fed.R. Crim.P. 32(c)(3)(D) entitles him to an evidentiary hearing to rebut these post-sentence statements made by the government. We disagree.

Rule 32 was designed to ensure that a defendant not be sentenced based on erroneous information. *See, e.g., United States v. Weichert*, 836 F.2d 769, 771 (2d Cir.1988). Toward that end, Rule 32(c)(3)(D) requires that if the defendant alleges that the pre-sentence investigation report is factually inaccurate, "the sentencing court must either make written findings concerning any matter controverted or state that that matter will not be taken into consideration at sentencing, and it must append to the report a copy of its determinations." *Ochoa v. United States*, 819 F.2d 366, 372 (2d Cir.1987). While Rule 32 provides correctional authorities with a clear record of the court's treatment of disputed facts, "the Rule does not purport to prescribe how the non-judicial authorities may treat the record it creates. Like other rules of federal criminal procedure, Rule 32 governs only proceedings in federal courts, not in agencies of the Executive Branch." *Id.*

Robilotto would have us apply Rule 32 to post-sentence communications between the prosecution and the Bureau of Prisons and the Parole Commission. Although we have

never squarely addressed this issue, we have expressed doubt that Rule 32 would provide jurisdiction over the analogous issue of post-sentence challenges to the accuracy of pre-sentence reports. *See United States v. Ursillo*, 786 F.2d 66 (2d Cir.1986); *see also United States v. Fischer*, 821 F.2d 557, 558 (11th Cir.1987) (Rule 32 "does not provide the district court with jurisdiction to hear a motion making a post-judgment collateral attack on one's sentence").

The application of Rule 32 to post-sentence communications was recently considered by the Ninth Circuit, which found that "[b]y its own terms, Rule 32 applies only to pre-sentence reports and not to other documents such as a post-sentence report. Thus, the district court has no jurisdiction under Fed.R.Crim.P. 32 to entertain a challenge to a post-sentence report after the sentence has been imposed." *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir.1988) (citations omitted). We too find that Rule 32 governs only pre-sentence communications, and does not grant the district court any authority to determine the accuracy of post-sentence communications made by the prosecution.

Accordingly, the order of the district court is affirmed.