UNITED STATES of America, Appellee,

v.

**Joseph GIAIMO, Defendant–Appellant,**

Martino, et al., Defendants.

No. 1132, Docket 89–1049.

United States Court of Appeals,
Second Circuit.

Submitted May 23, 1989.

Decided July 25, 1989.

Joseph Giaimo, El Reno, Okl., pro se.

Andrew J. Maloney, U.S. Atty. for the E.D.N.Y., John Gleeson, David C. James, Emily Berger, Asst. U.S. Attys., E.D.N.Y. Brooklyn, N.Y. for appellee.

Before VAN GRAAFEILAND, MESKILL and WINTER, Circuit Judges.

MESKILL, Circuit Judge:

Joseph Giaimo appeals *pro se* from an order of the United States District Court

for the Eastern District of New York, Platt, *C.J.*, denying Giaimo's motion seeking correction of his presentence investigation (PSI) report several months after he had been sentenced. Giaimo based the motion on Fed.R.Crim.P. 32, *amended by* Pub.L. No. 98–473, Title II, § 215(a), 98 Stat. 2014–15 (1984) (effective Nov. 1, 1987, Pub.L. No. 99–217, § 4, 99 Stat. 1728 (1985)). We affirm.

Giaimo was indicted on one count of conspiring to possess and distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B)(ii), 846 (1982 & Supp. V 1987), one count of possessing with intent to distribute more than 500 grams of cocaine in violation of 18 U.S.C. § 2 (1982) and 21 U.S.C. §§ 841(a), 841(b)(1)(B)(ii) (1982 & Supp. V 1987), and one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2, 924(c)(1), 924(c)(2) (Supp. V 1987). The indictment charged Giaimo's co-defendants Steven Martino, Edmund Santos and Ronald Santos with the same offenses. Co-defendant Steven Santillo was indicted on the conspiracy and possession counts.

On September 4, 1987, Giaimo pled guilty to a superseding information charging him only with possessing with intent to distribute cocaine, 18 U.S.C. § 2, 21 U.S.C. §§ 841(a), 841(b)(1)(C), and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. §§ 2, 924(c)(1), 924(c)(2). Martino and the two Santoses also pled guilty to the same charges.

Giaimo's sentencing was originally scheduled for November 20, 1987. In the meantime, a copy of the PSI report was forwarded by the probation officer to Giaimo's counsel, Emanuel A. Moore, pursuant to Fed.R.Crim.P. 32(c)(3)(A). Moore was advised to report any claims of errors or exceptions to the probation department, the United States Attorney and the court at least two days before sentencing. Moore subsequently wrote to both the United States Attorney and the district court noting three specific exceptions to the PSI report. Moore requested a *Fatico* hearing. *See United States v. Fatico*, 603 F.2d 1053, 1057 n. 9 (2d Cir.1979), *cert. denied*, 444

U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980).

After two adjournments, a *Fatico* hearing was scheduled for February 18, 1988. Prior thereto, counsel for the co-defendants and for the government attempted to resolve disputed issues concerning the defendants' PSI reports so as to eliminate the need for the *Fatico* hearing. Before Chief Judge Platt on February 18, all defense counsel informed the court that because they and the government had agreed on amendments to the PSI reports, a *Fatico* hearing was no longer necessary. Sentencing proceeded, with Attorney Moore making a plea for leniency on Giaimo's behalf. Chief Judge Platt imposed on Giaimo consecutive sentences of eight years imprisonment on the possession with intent to distribute count and five years imprisonment on the firearms count.

By Memorandum and Order filed June 3, 1988, Chief Judge Platt denied Giaimo's Fed.R.Crim.P. 35 motion for a reduction or modification of sentence. Giaimo did not appeal his conviction or sentence.

On October 31, 1988, Giaimo, by his new counsel Timothy A. Smith, filed in the district court a motion entitled "Motion to Correct Pre–Sentence Report." The motion stated that it was filed pursuant to Fed.R.Crim.P. 32(c)(3)(D) and alleged that Giaimo's PSI report contained several inaccuracies which implied that Giaimo's role in the crimes charged had been greater than it had in fact been. The motion asked the district court to "correct the errors in the Pre-sentence Investigation Report in order to ensure that said inaccuracies will not continue to adversely [a]ffect the Defendant in his efforts to obtain parole with the United States Parole Commission."

The district court, in a Memorandum and Order filed January 19, 1989, denied the motion. The court stated that "[s]ince defendant had every opportunity to make these objections prior to sentence, this Court will not address them now, ten months after sentence." The district court then cited language from our decision in *United States v. Ursillo*, 786 F.2d 66, 70 (2d Cir.1986): "it is not at all clear that

[Rule 32] goes so far as to place an obligation on the sentencing judge to correct, more than a year after sentencing, alleged inaccuracies in the report which the defendant did not raise at the time of sentencing." In denying the motion, the district court expressed doubt as to whether it had jurisdiction based on Rule 32 to correct a PSI report after sentencing.

### A. *The Motion to Correct the PSI Report*

In *Ursillo*, we examined but did not decide the issue of "whether Rule 32 of itself empowers a federal district court ... to consider a collateral attack on the accuracy of the presentence report." 786 F.2d at 71. As we subsequently recognized, however, our analysis in *Ursillo* evidenced our "doubt that Rule 32 would provide jurisdiction over the ... issue of post-sentence challenges to the accuracy of pre-sentence reports." *United States v. Robilotto*, 867 F.2d 729, 731 (2d Cir.1989).

We now hold what we suggested but did not decide in *Ursillo:* that Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced. *See United States v. Williams*, 618 F.Supp. 1419, 1420 (E.D.Va.1985), *aff'd*, 785 F.2d 306 (4th Cir.1986); *United States v. Burkhead*, 567 F.Supp. 1425, 1427–28 (W.D.Mo.1983); *see also United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir.1988) (Rule 32 does not provide jurisdiction for collateral attack of sentence); *United States v. Fischer*, 821 F.2d 557, 558 (11th Cir.1987) (per curiam) (same).

Giaimo's motion in the district court was based solely on Rule 32 and sought only a correction in his PSI report. The district court properly denied the motion, as it was without jurisdiction to consider the matter.

### B. *A Challenge to the Sentence*

In this appeal, Giaimo argues that the district court had jurisdiction to consider his motion under 28 U.S.C. § 2255 (1982). He includes in his appendix a copy of a "Motion for Findings of Fact Pursuant to FRCrP 32 and Modification of Sentence Pursuant to 28 United States Code Section 2255." This motion argues not only that errors in the PSI report will adversely affect Giaimo's chances for parole, but also that his sentence should be vacated because it was based on the allegedly erroneous information in the PSI report. The crux of Giaimo's argument on appeal is that the district court erred in failing to consider whether jurisdiction could be based on section 2255, which he characterizes as the "second prong" of his motion.

The government, in its brief, relies on *Simmons v. United States*, 777 F.2d 660, 661–62 (11th Cir.1985) (per curiam), and argues that Giaimo alleges no violation of Rule 32 and therefore has not stated a cognizable section 2255 claim. The government thereby seeks to distinguish cases relied on by Giaimo that have found that section 2255 does or may provide jurisdiction for a collateral attack on a sentence where a petitioner alleges a violation of Rule 32. *See United States v. Gattas*, 862 F.2d 1432, 1433–34 (10th Cir.1988); *Sarduy*, 838 F.2d at 158; *Fischer*, 821 F.2d at 558–59; *Poor Thunder v. United States*, 810 F.2d 817, 821–23 (8th Cir.1987). In its appendix, under an index heading "Motion Pursuant to 28 U.S.C. § 2255," the government provides a copy of the same motion that appears in Giaimo's appendix.

Interestingly, the document that both parties represent to be the motion ruled on by the district court was never filed in the district court. As described *supra*, the motion filed in and considered by the district court was a motion entitled "Motion to Correct Pre–Sentence Report." This motion relied only on Rule 32, not 28 U.S.C. § 2255, and sought only the changes in the PSI report, not a vacation or reduction of the sentence. It is this motion and this motion only that appears on the district court docket sheet, that is referred to in the letter briefs of the parties filed in the district court and that is cited in Giaimo's Notice of Appeal. · The motion that is reproduced in both parties' appendices and that underlies their arguments on this appeal appears to have been prepared by Attorney Smith, Giaimo's post-conviction counsel below, but it is unsigned. No hint

of this motion appears anywhere in the record. There is no reference made in the record to any motion or petition based on section 2255 to vacate or modify the sentence. Thus, the reason for the district court's "ignoring" the section 2255 "prong" of Giaimo's motion is apparent. Such a motion was never made.

We are willing to assume that Giaimo, a *pro se* appellant incarcerated hundreds of miles from the Eastern District of New York, has acted in a good faith but mistaken belief that the motion based in part on section 2255 was in fact filed in and denied by the district court. Perhaps, upon terminating his representation of Giaimo, Attorney Smith forwarded to Giaimo a file containing the unsigned, unfiled motion, and Giaimo confused this motion with the motion actually filed. We have no evidence of what actually transpired, but if we believed that Giaimo deliberately misrepresented the proceedings below, sanctions would be appropriate.

We give Giaimo the benefit of a doubt in the face of the practical difficulties that an incarcerated prisoner faces in preparing and presenting an appeal. Such excuses cannot apply to the government, however. We are surprised that government counsel, in preparing this appeal, simply accepted without investigation Giaimo's version of the proceedings below. The government not only argues in its brief as if a section 2255 petition to vacate the sentence had been filed, but reproduces the unfiled motion in its own appendix. Absent from the appendix is the motion that was actually filed, a motion that would have been uncovered by even a cursory review of what is not a voluminous record.

We need not address the question whether a section 2255 petition would have given the district court jurisdiction to consider Giaimo's argument that his sentence was improperly based on inaccurate information, as no such petition has been filed.

In summary, we affirm the order of the district court denying Giaimo's motion premised on Fed.R.Crim.P. 32(c)(3)(D) for correction of alleged inaccuracies in the PSI report. The district court was without jurisdiction to consider such a motion.