**Tyrone MINGO, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 05 Civ. 0280SHS.

United States District Court, S.D. New York.

March 17, 2005.

Tyrone Mingo, Brooklyn, NY, Petitioner Pro se.

## OPINION & ORDER

STEIN, District Judge.

Tyrone Mingo brings this petition, *pro se*, pursuant to 28 USC § 2255 to vacate, set aside or correct his sentence. On April 12, 2002, Mingo pled guilty to one count of conspiring to commit bank fraud, in violation of 18 U.S.C. § 371, and two substantive counts of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. On November 18, 2002, he was sentenced principally to 37 months of imprisonment and was ordered to make restitution to the victims of his scheme in the sum of $340,047. Petitioner claims that his sentence was imposed in violation of his Fifth and Sixth Amendment rights pursuant to *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that dismissal of a section 2255 petition is proper where it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings ... that the movant is not entitled to relief." *See Garcia Montalvo v. United States*, 862 F.2d 425, 426–27 (2d Cir.1988) (per curiam). Because it is clear that petitioner is not entitled to relief pursuant to the now governing decision of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and that this Court lacks subject matter jurisdiction over the restitution challenge, the petition is dismissed in its entirety.

As noted, petitioner was sentenced to 37 months of imprisonment and ordered to pay $340,047 in restitution in monthly payments at a rate of 10% of his gross monthly income. *See* Transcript of Sentencing Proceedings, dated November 18, 2002 ("Sent.Tr."), at 27, 30. Petitioner's base offense level under the applicable U.S. Sentencing Guidelines ("U.S.S.G.") was enhanced by eleven levels pursuant to U.S.S.G. § 2F1.1(b)(1)(L) on the basis that the loss arising out of the crimes was more than $800,000 but less than $1.5 million, and by an additional two levels pursuant to U.S.S.G. § 2F1.1(b)(2) on the basis that the offense involved more than minimal planning and more than one victim. *Id.* at 25. The resulting offense level was increased to level 24 pursuant to U.S.S.G. § 2F1.1(b)(8)(B) based on findings that his offense affected a financial institution and that gross receipts from the offense exceeded one million dollars. *Id.* The offense level was decreased by three points for acceptance of responsibility, and with his criminal history category of I and the adjusted offense level of 21, the resulting Sentencing Guidelines range was 37 to 46 months. *Id.* at 25–27.

Petitioner appealed from the final judgment of conviction to the United States Court of Appeals for the Second Circuit challenging the enhancement of his sentence pursuant to U.S.S.G. § 2F1.1(b)(8)(B). The Second Circuit affirmed the judgment of conviction in a written opinion, *see United States v. Mingo*, 340 F.3d 112 (2d Cir.2003), and the U.S. Supreme Court denied Mingo's petition for a writ of certiorari on December 15, 2003. *Mingo v. United States*, 540 U.S. 1095, 124 S.Ct. 975, 157 L.Ed.2d 805 (2003). The instant petition was received by the Pro Se Office of the Southern District of New York on December 14, 2004 with petitioner's signature dated December 23, 2004.

## I. DISCUSSION

### A. Mingo's Petition is Timely

 The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on the filing of a section 2255 petition. *See* 28 U.S.C. 2255. The statute of limitations on Mingo's petition began to run on December 15, 2003, when the Supreme Court denied his petition for certiorari. *See Green v. United States*, 260 F.3d 78, 84 (2nd Cir.2001). Where a prisoner proceeds *pro se*, the filing date is governed by the "prison mailbox rule," which provides that the effective filing date is the day upon which the prisoner delivers the petition to prison officials for mailing. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir.2001) (citing, *inter alia*, *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). Mingo's petition was received by the Pro Se Office on December 14, 2004, and thus must have been timely delivered to prison officials for mailing before that date. However, Mingo's signature on the petition is dated December 23, 2004. Nonetheless, because "courts of this circuit have shown leniency in accepting minor procedural errors committed by prisoners acting *pro se*," *see Montero–Melendez v. United States*, 02CIV2062, 2003 WL 328294, at *2 (S.D.N.Y. Feb. 13, 2003) (citing *United States v. Giaimo*, 880 F.2d 1561, 1564 (2d Cir.1989)), Mingo's petition is deemed to be timely filed. *Id.*

### B. Petitioner Cannot Benefit From the Ruling in *Booker* Because it Does Not Apply Retroactively on Collateral Review.

Petitioner's challenge to the constitutionality of his sentence, and his claim that his agreement to certain facts at sentencing was not made knowingly and intelligently because he would not have agreed to those facts if he had known they had to

be proven to a jury beyond a reasonable doubt, fail because the rule in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) does not apply retroactively on collateral review.

In *Booker,* the Supreme Court re-affirmed the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* —— U.S. at ——, 125 S.Ct. at 756. *Booker* applied this rule to the federal Sentencing Guidelines, holding that the Sentencing Guidelines violated the rule of *Apprendi* to the extent they are mandatory. *Id.* at 749. However, *Booker* provides no relief to petitioner because, as is true of *Apprendi* and other cases applying its principles, *Booker* does not apply retroactively on collateral review.

█ The Second Circuit has not yet directly addressed the question of whether *Booker* applies retroactively on collateral review to initial section 2255 petitions.[1] However, every circuit court that has considered the question has concluded that *Booker* does not apply retroactively. *See Humphress v. United States,* 398 F.3d 855, 863 (6th Cir.2005); *Varela v. United States,* 400 F.3d 864, 867–68 (11th Cir. 2005); *McReynolds v. U.S.,* 397 F.3d 479, 480–81 (7th Cir.2005); *see also Coleman v. United States,* 329 F.3d 77, 79 (2d Cir.), *cert. denied,* 540 U.S. 1061, 124 S.Ct. 840, 157 L.Ed.2d 719 (2003) (holding that *Apprendi* does not apply retroactively).

As the United States Court of Appeals for the Seventh Circuit made clear, the Supreme Court's decision in *Schriro v. Summerlin,* —— U.S. ——, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), "is all but conclusive," on the question of whether *Booker* applies retroactively. *See McReynolds,* 397 F.3d at 480; *see also Humphress,* 398 F.3d 855, 863; *Varela,* at 867–68. In *Schriro,* the Supreme Court held that the rule in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which applied the principles of *Apprendi* to death penalty sentencing, was a procedural rule that did not apply retroactively on collateral review. *See* —— U.S. at ——, 124 S.Ct. at 2526. The point was well stated by Judge Trager of the Eastern District of New York, who recognized that, "[t]he Supreme Court's refusal to apply *Ring* retroactively to cases already decided, even when the underlying conviction would lead to death, resolves, *a fortiori,* any doubt," about whether *Booker* applies retroactively to initial section 2255 petitions. *Hamdani v. United States,* No. Civ.A.04–3332, 2005 WL 419727, at *2 (E.D.N.Y. Feb. 22, 2005); *see also Humphress,* 398 F.3d 855, 863; *Varela,* at 867–68; *McReynolds,* 397 F.3d at 480; *Woodard v. United States,* No. 04–CV–3570, 2005 WL 524725, at *1–2 (E.D.N.Y. March 7, 2005). Because *Booker* does not provide any relief, petitioner's challenges to the constitutionality of his sentence are without merit.

### C. This Court Is Without Subject Matter Jurisdiction to Decide Petitioner's Challenge to the Requirement to Make Restitution.

█ Mingo also challenges the requirement in the sentence that he make restitution, contending that it was unconstitutionally based on facts that he did not admit and that were neither alleged in the indictment nor found by a jury beyond a reason-

---

1. The Second Circuit held in *Green v. United States,* 397 F.3d 101, 102 (2d Cir.2005) (per curiam), that *Booker* does not apply retroac-

tively to a second or successive habeas petition. *Id.*

able doubt. This Court does not reach the merits of petitioner's restitution claim, however, because the Second Circuit has held that claims attacking orders of restitution are not cognizable in a section 2255 petition, even when joined with other claims challenging the petitioner's custody. *See Kaminski v. United States,* 339 F.3d 84, 87, 89 (2d Cir.), *cert. denied,* 540 U.S. 1084, 124 S.Ct. 948, 157 L.Ed.2d 762 (2003); *see also McEwan v. United States,* 279 F.Supp.2d 462, 464 (S.D.N.Y.2003).

The Second Circuit started in *Kaminski* with an examination of section 2255 itself, which states specifically that a section 2255 petition is available only to "a prisoner in custody ... claiming the right to be released." *Id.* The court determined that a restitution order was not "such a restraint on the liberty of a petitioner as to amount to custody," and therefore, an attack on that restitution order was not cognizable in a section 2255 petition. *Id.* at 87. The fact that Mingo's restitution claim is made together with claims challenging his custody does not alter the result. As *Kaminski* further concluded, "[c]ollateral relief from noncustodial punishments is not made more readily available to a petitioner just because that petitioner happens at the time to be subject also to custodial penalties." *Id.* at 89. Accordingly, petitioner's challenge to the restitution order is dismissed for lack of subject matter jurisdiction.

## II. CONCLUSION

Because the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) does not apply retroactively on collateral review, and because this Court lacks subject matter jurisdiction over petitioner's challenge to the restitution provision of his sentence, the petition is dismissed.

In addition, because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 111–113 (2d Cir.2000); *Soto v. United States,* 185 F.3d 48, 51–53 (2d Cir.1999). Finally, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.