14-4297
*United States v. Miller*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand sixteen.

PRESENT:   CHESTER J. STRAUB,
           DENNY CHIN,
           SUSAN L. CARNEY,
                      *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                      *Appellee,*

           v.                                              14-4297

SHERIEKA SMALLING,
                      *Defendant,*

KWAN MILLER,
                      *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:        Kwan Miller, *pro se,* Loretto, Pennsylvania.

FOR APPELLEE:                          Mary Margaret Dickman, Varuni Nelson,
                                       Douglas M. Pravda, Assistant United States
                                       Attorneys, *for* Robert L. Capers, United States
                                       Attorney for the Eastern District of New York,
                                       Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendant-appellant Kwan Miller, proceeding *pro se*, appeals the denial of his post-judgment motions to reduce his restitution obligation and to amend his presentence investigation report ("PSR"). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

The issues raised by this appeal are pure questions of law, which we review *de novo*. *United States v. Barresi*, 361 F.3d 666, 671 (2d Cir. 2004). Although the district court did not explain its reasons for denying Miller's motions, we may affirm "on any ground which finds support in the record." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 580 (2d Cir. 2006).

Miller argues that his restitution obligation should be reduced to account for insurance payments received by his victims. The receipt by victims of compensation from insurers, however, does not provide a basis for reducing Miller's restitution obligation. Under the Mandatory Victims Restitution Act (the "Act"), any compensation

a victim receives from insurance with respect to a loss does not lessen the defendant's obligation to pay restitution. *See* 18 U.S.C. § 3664(j)(1).[1] Although § 3664(j)(2) of the Act requires that the amount of a defendant's restitution be reduced to account for a victim's later recovery for the same loss, that provision, by its express terms, is limited to recovery of compensatory damages in a federal or state proceeding, and is inapplicable to insurance payments. *Id.* § 3664(j)(2).[2] Contrary to Miller's argument on appeal, this does not create a "double recovery," because restitution payments will be apportioned between the victims and the insurers pursuant to § 3664(j)(1). Accordingly, the district court did not err in denying Miller's motion to reduce his restitution obligation.

Miller next argues that the district court erred in denying his motion to amend his PSR to redact his youthful offender adjudications, which he alleges have been used by the Bureau of Prisons ("BOP") to deny him access to an early release incentive. Miller first moved pursuant to Federal Rule of Criminal Procedure 32 to amend the PSR in a letter dated August 28, 2014, and repeated the request in a subsequent letter dated November 4, 2014. Rule 32 allows parties to object to a PSR

---

[1] Section 3664(j)(1) provides: "If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation."

[2] Section 3664(j)(2) provides: "Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in (A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State."

prior to sentencing, but does not provide a basis for amending a PSR after the imposition of sentence. *See United States v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir. 1989) ("Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a [PSR] report after a defendant has been sentenced."). Accordingly, the district court did not have jurisdiction to amend Miller's PSR pursuant to Rule 32 following the imposition of his sentence.[3]

To the extent that Miller seeks to challenge the BOP's determination of his ineligibility for early release, such a challenge must be brought in a separate proceeding pursuant to 28 U.S.C. § 2241 after exhaustion of administrative remedies. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) ("A challenge to the *execution* of a sentence -- in contrast to the *imposition* of a sentence -- is properly filed pursuant to § 2241."); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) ("[A] challenge to the execution of [a prisoner's] sentence rather than the underlying conviction, is properly brought via an application for a writ under § 2241."). Such a proceeding must be brought against the BOP in the district in which Miller is incarcerated, which, at present, is not within this Circuit. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas

---

[3] Even if the district court did have authority to amend Miller's PSR post-sentencing, we note that Miller did not object to the inclusion of his youthful offender adjudications during sentencing, and did not raise the issue until approximately five months after the April 1, 2014 entry of judgment. It was well within the district court's discretion to deny Miller's untimely motion, where there was no error in including the information in his PSR for consideration at sentencing. *See United States v. Matthews*, 205 F.3d 544, 546-49 (2d Cir. 2000) (stating that an adjudication under the New York youthful offender statute may be included in a PSR).

petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

We have reviewed Miller's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk